RECEIVED
IN ALEXANDRIA, LA.

OCT 2 1 2009

TONY R. MOORE CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 05-1275 |
| VERSUS | JUDGE TRIMBLE |
| BARNEY P. BRASSETTE AND DONNA P. BRASSETTE | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to amend judgment and return writ of execution[1] filed by the United States of America ("USA," "Government"), a motion for relief from judgment under Fed. R. Civ. P. 60(b)[2] filed by defendants and an amended motion to amend judgment and return writ of execution[3] filed by the USA. For the reasons expressed herein below, the court finds that the motions to amend filed by the USA must be DENIED and the motion for relief from judgment filed by defendants must be GRANTED.

I.  BACKGROUND

   A.  Relevant Facts and Procedural History

Defendants to this suit are Barney and Donna Brassette, farmers in and around the Cottonport, Louisiana area. Prior to filing Chapter 12 bankruptcy in 2006,[4] defendants executed the following promissory notes in favor the government in exchange for loans administered by the Farmers Home Administration, now known as the Farm Service Agency ("FSA") of the United States Department of Agriculture:

---
[1] R. 17.
[2] R. 18.
[3] R. 33.
[4] Bankruptcy Case No. 05-82910, dismissed July 24, 2008.

1

| DATE | FACE AMOUNT | INTEREST RATE |
|---|---|---|
| 01-21-1999 | $125,760.00 | 3.75%[5] |
| 04-09-2002 | $ 55,660.00 | 3.75%[6] |
| 04-09-2002 | $ 61,000.00 | 4.75%[7] |
| 05-16-2002 | $ 16,410.00 | 4.75%[8] |

In order to secure payment of the notes, defendants executed mortgages, properly filed and recorded in the mortgage and conveyance records of Avoyelles Parish, Louisiana, as follows:

| DATE | REGISTRY NO. |
|---|---|
| 01-21-1999 | 05-990138, 05-041174 (continuation)[9] |
| 04-09-2002 | 05-020809[10] |
| 05-16-2002 | 05-021179[11] |

These mortgages designate certain farm equipment as collateral for the above enumerated promissory notes. The government asserts that, pursuant to an Immaterial Modification to Third Amended Chapter 12 Plan of Reorganization ("Immaterial Modification"), defendants agreed to:

1. a secured claim in the amount of $16,635 on specific items of equipment to be paid in five (5) annual installments of $3,815 at 4.75% interest beginning January 1, 2007;
2. surrender of the remaining equipment for a credit in the amount of $73,550;
3. payment in full of the remaining unsecured debt of $95,191 in five (5) annual installments of $22,215.65 at 5.375% interest beginning January 1, 2007.

The parties agree that on or about December 28, 2006 defendants remitted the January 2007 installment of $3,815 to the FSA in accordance with the terms of the Immaterial

---

[5] Exhibit 1A at R. 1-1.
[6] Exhibit 1B at R. 1-1.
[7] Exhibit 1C at R. 1-1.
[8] Exhibit 1D at R. 1-1.
[9] Exhibit 2A at R. 1-1.
[10] Exhibit 2B at R. 1-1.
[11] Exhibit 2C at R. 1-1.

2

Modification. The parties also agree that defendants did surrender their remaining equipment in accordance with the Immaterial Modification.

The government now admits that its November 2008 motion for default judgment[12] was based upon a 2005 affidavit which, while correct at the time it was sworn, was no longer accurate as of November of 2008.[13] Moreover, the government now admits that its motion to amend this court's January 27, 2009 default judgment[14] similarly relied upon an inaccurate affidavit. Specifically, the government admits that the affidavits of Willie Cooper, dated August 5, 2005, and Bradford Smith, dated August 13, 2009, failed to apply credit for the 2006 payment of $3815 and credit in the amount of $73,550 for the surrender of defendants' remaining equipment. The government, through its amended motion to amend this court's January 27, 2009 default judgment, now urges the court to amend the amount of the judgment pursuant to Fed. R. Civ. P. 60(a), which provides that

> [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Defendants oppose such an amendment and argue that the errors contained in the court's default judgment are not clerical, but substantive in nature. Accordingly, defendants assert that correction of such errors under Fed. R. Civ. P. 60(a) is improper and that the court's only avenue to make such correction lies within the scope of Rule 59(e) which provides that a motion to alter or amend a judgment must be filed no later than twenty-eight (28) days following the entry of

---

[12] R. 13.
[13] R. 17, R. 33.
[14] R. 17.

3

such judgment. Defendants point out that the government's motion is, therefore, improper under Rule 60(a) and untimely under Rule 59. Defendants pray, therefore, for the court to vacate its prior default judgment pursuant to Rule 60(b).

### B. Applicable Standards

A motion to alter or amend judgment under Fed. R. Civ. P. 60(a) should be granted when the error at issue is clerical in nature and does not affect the substance of the judgment.[15] An error is not "clerical" when it changes the rights of the parties or the relief to which they are entitled under the judgment.[16]

## II. ANALYSIS

The question before the court is whether or not the government's failure to apply the credits in the total amount of $77,365 constitutes a clerical error for which amendment under Rule 60(a) is provided. Our review of applicable jurisprudence reveals that the government's omission is substantive in nature because it changes the rights of the government under the judgment.

In Trahan v. First National Bank of Ruston,[17] the United States Fifth Circuit Court of Appeals reversed the district court's amendment of its prior judgment, wherein it sought to correct what it deemed an oversight which would have created a windfall for the defendant bank due to the change in market value of the shares of stock which were constituted plaintiff's relief under that judgment. In examining the district court's amendment adding the language

> "defendant bank tender to [plaintiff] 15,000 shares of
> TIPCO stock and the difference in price based on the
> closing price of a share of TIPCO on the day before the

---

[15] Matter of West Texas Marketing Corp., 12 F.3d 497, 504 (5th Cir. 1994); Matter of Precision Vibrator Co., 863 F.2d 428 (5th Cir. 1989).
[16] Britt v. Whitmire, 956 F.2d 509 (5th Cir. 1992); Harcon Barge Co., Inc. v. D&G Boat Rentals, 784 F.2d 665 (5th Cir. 1986); Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112 (5th Cir. 1982).
[17] 720 F.2d 832 (5th Cir. 1983).

tender and price of $21.68 per share."[18]

The Fifth Circuit found that the value of the judgment changed under the amendment and, citing the language of Rule 60(a) and Dura-Wood Treating Co. v. Century Forest Industries, Inc., ruled that such an amendment was impermissible because it was more than merely clerical. We find that, like the proposed amendment in Trahan, the amendment now before us would constitute a substantive change in the judgment and would substantially change the rights of the parties thereunder.

The court fully accepts the government's explanation for the error and, though it does not change the nature of the error, does not believe that the omission was intentional. We are, however, dismayed that such an error occurred not once, but twice.

The court also agrees with defendants that the government's motion would be improper under Rule 59(e) because the default judgment at issue was issued on January 27, 2009 and the government did not file its original motion to amend until August 16, 2009, well after the 28-day delay for filing had lapsed.

### III.   CONCLUSION

Finding, as above, that government's proposed amendment recognizing credit due defendants in the amount of $77,365 constitutes a substantive change in the rights of the parties under the judgment, we find that the government's two motions to alter or amend such judgment under Rule 60(a) must be DENIED. Given the acknowledgment of the government that such credit is proper and that our prior default judgment is, therefore, incorrect and unjust, we are constrained to vacate such judgment pursuant to Fed. R. Civ. P. 60(b)(3) based on the government's misrepresentations discussed above.

---

[18] Id. at 833.

The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**October 21, 2009**

*/s/ James T. Trimble, Jr.*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE