RECEIVED IN ALEXANDRIA, LA.
DEC 22 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| USA | CIVIL ACTION NO. 05-1275 |
| VERSUS | JUDGE TRIMBLE |
| BARNEY BRASSETTE, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to set aside this court's prior default judgment filed by defendants[1] and a motion for reconsideration of this court' prior denial of a motion to alter or amend that default judgment, filed by the United States.[2] For the reasons expressed below, the court finds that defendants' motion should be granted and the government's motion should be denied.

The facts giving rise to the above captioned suit were recently recited in this court's prior memorandum ruling,[3] in which the court found that the errors contained in the default judgment entered against defendants on January 27, 2009[4] were substantive in nature and, thus, not subject to alteration or amendment under Fed. R. Civ. P. 60(a). The court also found that any amendment of this judgment under Rule 59(e) would be untimely because the government's motion to amend was not filed within twenty-eight (28) days of the entry of default, as required under that rule. We will

---

[1] R. 42.

[2] R. 47.

[3] R. 37.

[4] R. 14.

not recite the rest of the underlying facts here and refer the reader to that prior ruling for additional information.

Given our prior reasoning, defendants now assert that the court should vacate the default judgment entered against them so that discovery can be conducted to determine what amounts, if any, are owed on the promissory notes executed in conjunction with defendants' Farm Service Administration ("FSA") loan. The government asserts that this court's reliance on <u>Trahan v. First National Bank of Ruston</u>[5] was in error and that it should be allowed to amend the default judgment in order to correct prior mistakes and arrive at an accurate default judgment against defendants.

Fed. R. Civ. P. 60(a) provides that

> [t]he court may correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice...

We find no error or mistake in our reasoning under <u>Trahan</u>. It is clear to the court that the August 5, 2005 affidavit of Willie Cooper was correct when sworn. This does not change the fact that it did not contain an accurate accounting of the credits due defendants **at the time it was submitted as a basis for default judgment**. To be clear, the court does not fault the affidavit, but the government's use of the affidavit for the mistake at issue in this case. Similarly, we disagree with the government's argument that, because the change in the judgment would decrease the amount owed by defendants, rather than increase the amount owed, the change is not substantive. Whether or not an amendment to judgment is clerical or substantive does not depend on whether

---

[5]720 F.2d 832 (5th Cir. 1983).

prejudice actually results, but on the nature of the amendment itself.[6] As we have already found, the rights of the parties are substantively changed by the government's proposed amendment, making it improper under Rule 60(a) and untimely under Rule 59(e).

Given our prior ruling that the affidavits upon which the court issued default judgment against defendants were inaccurate, it is now incumbent upon the court to grant defendants' motion to vacate the default. We find that this relief will allow the government to seek a new judgment with competent evidence which will support its claim against defendants. We find no evidence that some debt is not owed by defendants, even by their own admission, and caution that our ruling in this case is for the express purpose of determining what amount is owed on the promissory notes executed among the parties.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
December 22, 2009

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Matter of West Texas Marketing Corp., 12 F.3d 497 (5th Cir. 1994); Warner v. Bay St. Louis, 526 F.2d 1211 (5th Cir. 1976).

3